OSCN Found Document:CLEMENTS v. SOUTHWESTERN BELL TELEPHONE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 







 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 CLEMENTS v. SOUTHWESTERN BELL TELEPHONE
2017 OK 107
Case Number: 115334
Decided: 12/19/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 107, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

HONORABLE SODY CLEMENTS, an Individual and Oklahoma Resident on behalf of herself and others similarly situated; LT. GENERAL (Ret.) RICHARD A. BURPEE, an Individual and Oklahoma Resident on behalf of himself and others similarly situated; JAMES PROCTOR, an Individual and Kansas Resident on behalf of himself and others similarly situated; RODD A. MOESEL, an Individual and Oklahoma Resident on behalf of himself and others similarly situated; RAY H. POTTS, an Individual and Oklahoma Resident on behalf of himself and others similarly situated; BOB A. RICKS, an Individual and Oklahoma resident on behalf of himself and others similarly situated, Appellants/Applicants 
v.
SOUTHWESTERN BELL TELEPHONE d/b/a AT&T OKLAHOMA; STATE ex rel. OKLAHOMA CORPORATION COMMISSION, Appellees.
APPEAL FROM THE OKLAHOMA CORPORATION COMMISSION 
¶0 Appellants appeal from the Oklahoma Corporation Commission's summary dismissal of their Application to reopen an Order entered in 1989 by the Oklahoma Corporation Commission.
AFFIRMED
Russell J. Walker, Oklahoma City, Oklahoma, for Appellant,
Andrew J. Waldron, Oklahoma City, Oklahoma, for Appellant,
Curtis M. Long, Tulsa, Oklahoma, for Southwestern Bell Telephone Company d/b/a AT&T Oklahoma, Appellee,
Clyde A. Muchmore, Oklahoma City, Oklahoma, for Southwestern Bell Telephone Company d/b/a AT&T Oklahoma, Appellee,
Richard C. Ford, Oklahoma City, Oklahoma, for Southwestern Bell Telephone Company d/b/a AT&T Oklahoma, Appellee,
Melanie Wilson Rughani, Oklahoma City, Oklahoma, for Southwestern Bell Telephone Company d/b/a AT&T Oklahoma, Appellee,
Robert J. Campbell, Jr., Oklahoma City, Oklahoma, for State ex rel. Oklahoma Corporation Commission, Appellee,
Michael J. Hunter, Attorney General, Oklahoma City, Oklahoma, for State ex rel. Oklahoma Corporation Commission, Appellee,
Abby Dillsaver, Assistant Attorney General, Oklahoma City, Oklahoma, for Southwestern Bell Telephone Company d/b/a AT&T Oklahoma, Appellee,
Dara M. Derryberry, Assistant Attorney General, Oklahoma City, Oklahoma, for Southwestern Bell Telephone Company d/b/a AT&T Oklahoma, Appellee.
OPINION
WATT, J.:
¶1 Appellants
[1] ("Customers") request this Court to reverse the Oklahoma Corporation Commission's ("Commission") Order Dismissing Cause[2] and to remand the underlying application to the Commission for a full hearing. Appellants are a group of six different individuals who were customers of the Defendant, Southwestern Bell Telephone d/b/a AT&T Oklahoma ("SWBT") during the periods of time relevant to the underlying proceeding.[3]
¶2 Customers appeal from the Commission's dismissal of their "Application to Vacate or Modify Order 341630 and Redetermine Issues."[4]. In their Application, Customers requested the Commission vacate or modify Order No. 341630 entered September 20, 1989 in Cause No. PUD 260, ("1989 Order") over 28 years ago and reconsider certain issues raised therein. Customers urged the subject Order was tainted when entered because one Oklahoma Corporation Commissioner, Robert E. Hopkins ("Hopkins") accepted a bribe in exchange for his vote to approve the 1989 Order.
¶3 SWBT filed a Motion to Dismiss asking the Commission to summarily dismiss Customers' application. SWBT argued that Customers lacked any legal basis for the requested relief as this matter had been reconsidered and reaffirmed by the Commission on at least two separate times and presented multiple times to this Court.
¶4 The two issues before this Court with respect to the Commission's Order Dismissing Cause are simply: (1) whether the Commission acted within its authority, and (2) whether the findings and conclusions reflected in this Order are supported by the law and substantial evidence? We answer both questions affirmatively and uphold the decision by the Commission.
STANDARD OF REVIEW
¶5 Any person aggrieved by any action or order by the Commission "affecting the rates, charges, services, practices, rules or regulations of public utilities," may appeal the decision. Any such appeal shall be to the Oklahoma Supreme Court only. Okla. Const. art. IX, § 20. Under the state Constitution, Customers are entitled to a limited judicial review to determine "whether the Commission has regularly pursued its authority, and whether the findings and conclusions of the Commission are sustained by the law and substantial evidence." Id.
FACTS AND PROCEDURAL HISTORY
¶6 Customers filed their Application on September 14, 2015, asking the Commission to vacate or modify PUD 260 entered in 1989 in order "to redress the proven bribery and corruption perpetrated by Southwestern Bell Telephone Company [SWBT] that occurred in 1989 in relation to Oklahoma Corporation Commission's . . . Cause No. PUD (Public Utility Docket) 860000260 ("PUD 260")." [5] More than twenty-six (26) years ago, the then acting public utility division director for the Commission, initiated PUD 260 to determine how SWBT should distribute or utilize SWBT's surplus cash created by federal corporate tax reforms. Two of the three Commissioners approved the 1989 Order wherein it was determined that SWBT surplus revenue should not be refunded to its ratepayers. The 1989 Order outlined how SWBT was to use these funds which included converting multi-party lines to single-party service, updating a number of the SWBT's central offices as well as other provisions. Commissioner Anthony ("Anthony") did not vote in favor of the 1989 Order.
¶7 The 1989 Order was appealed to this Court urging that the Commission's Order was not supported by sufficient evidence and urged the surplus created by the tax changes should be treated as an overcharge under 17 O.S. 1981, § 121 and therefore required a refund to ratepayers. Henry v. Southwestern Bell Telephone Co., 1991 OK 134, 825 P.2d 1305. We held that the surplus funds were solely created by federal tax changes and not as a result of an overcharge by SWBT and thus "§ 121 affords no authority for requiring the refund sought by AARP and the State." Id. ¶ 11, 825 P.2d at 1311. Although portions of the 1989 Order were remanded back to the Commission for further proceedings, we affirmed the order in part as discussed herein.
¶8 Commissioner Hopkins ("Hopkins"), was one of the two commissioners who voted in favor of the 1989 Order. Several years after the adoption of this Order, the public learned that Hopkins had accepted a bribe in exchange for assuring his favorable vote to the 1989 Order. Hopkins was indicted in 1993 and then later convicted for his criminal act.
[6] Anthony announced in 1992 that he had been secretly acting as an investigator and informant in an ongoing FBI investigation concerning the conduct of his fellow commissioners and of SWBT. Southwestern Bell Telephone Co. v. Oklahoma Corp. Comm., 1994 OK 38, ¶ 2, 873 P.2d 1001, 1003.
¶9 Following Hopkins' conviction, in March 1997, Anthony, pro se, filed a document titled "Suggestion to the Court," advising this Court of the criminal misconduct of Hopkins and asked this Court to recall its mandate issued in Henry v. Southwestern Bell Telephone Co., 1991 OK 134, 825 P.2d 1305. This Court issued an Order wherein we concluded that the document filed by Anthony "[did] not invoke either the appellate or original jurisdiction of the Supreme Court."[7]
¶10 After this Court's Order, this matter was next considered on remand to the Commission in light of Hopkins accepting a bribe. On remand in 1997, the Commission issued an Order, ("Cause 260 Remand Order") and held that "rehearing of the entire cause [by the Commission] is neither warranted nor in the public interest . . . . [and t]here is no benefit to reopening a ten-year old case." [8] The Commission also noted that this Court had already finally determined that the surplus monies were not overcharges under 17 O.S. 1981 § 121, thus, ratepayers were not entitled to a refund as a matter of law. The Commission also noted that the evidence contained in PUD 260 reflected that the 1989 Order reflected "a position originally proposed by Staff and there was no showing of wrongdoing on behalf of Staff."[9] The Commission concluded that the matter should be closed in its entirety. The Cause 260 Remand Order was not appealed. 
¶11 In January 2010, Anthony again filed a "Suggestion for Sua Sponte Recall of Mandate, Vacation of Opinion, and Remand of Cause to the Oklahoma Corporation Commission for Want of Appellate Jurisdiction with Brief in Support of Suggested Actions." [10] This Court noted that Anthony's "Suggestion for Sua Sponte Recall" was "substantially similar to the 'Suggestion' filed by Commissioner Anthony on March 27, 1997." [11] We noted in this Order that Anthony had "failed to advance any new factual or legal argument which would require a different result." [12] We also found that the 2010 "Suggestion" was barred by issue and claim preclusion.
LEGAL ANALYSIS
¶12 The Commission's Order granting SWBT's Motion to Dismiss the Customers' application must be upheld if: (1) the Commission has "regularly pursued its authority,"
[13] and (2) the findings and conclusions of the Commission are sustained by the law and substantial evidence. [14] We find that the Commission acted within its authority in hearing and granting this Motion to Dismiss.[15] We also find the Commission's Order is supported by overwhelming evidence and law.
¶13 The Order from which Customers appeal contains nineteen pages meticulously outlining the long and protracted history of PUD 260, the 1989 Order and the crime committed by Hopkins. Anthony's tireless dissent to the 1989 Order is also well documented as are his repeated efforts to overturn it. The Commission carefully noted that prior to the adoption of the 1989 Order, the issues in PUD 260 were heard by a Hearing Officer based on testimony from Commission Staff and other evidence. The Hearing Officer issued a report that with few exceptions, was then incorporated into and became the 1989 Order. [16] Although Hopkins was found to have accepted a bribe in connection with the 1989 Order, there was no finding at anytime that the Hearing Officer or Commission staff ever engaged in any wrongdoing.
¶14 The Order Dismissing Cause also discussed in detail the Cause 260 Remand Order from 1997, noting that in 1997, the Commission found it had no jurisdiction over the Cause 260 Order and that rehearing was unwarranted and not in the public interest. The Commission also determined that it had no jurisdiction to modify or amend the issues that had already been affirmed by the Oklahoma Supreme Court, ie. that the surplus funds held by SWBT were not an overcharge within the meaning of 17 O.S. §121 and therefore ratepayers were not entitled to a mandatory refund.[17] In reviewing this 1997 history, the Commission stated in its Order Dismissing Cause:
28. The Cause 260 Remand Order, entered in 1997, provided closure to the 260 Cause, ordering "that the entire cause should not be reopened and that no further hearings, proceedings or orders are necessary with respect to this Cause." (citation omitted) This order was approved almost five years after the revelation of the bribery--and by two new Commissioners.
[18]
¶15 Customers urged that the dismissal of their application to reopen and vacate the 1989 Order involves a constitutional violation and thus requires a higher standard of review requiring this Court to "exercise its own independent judgment as to both the law and the facts." Okla. Const. art. IX, §20. We find Customers' assertion without merit. But even so, a full review and consideration of all facts in this matter and the law leads us to the same result.
¶16 The Commission is created by Article IX of our state Constitution and consists of three members elected by the people at a general election. A concurrence by a majority is required to exercise the authority of the state to "supervise, regulate and control public service corporations, and to that end it has been clothed with legislative, executive and judicial powers." Southwestern Bell Telephone Co. v. Corp. Comm., 1994 OK 38, ¶ 5, 873 P.2d 1001, 1004.
¶17 The issues raised by Customers have already been considered on two separate occasions and the majority of the Commissioners concluded each time that it had no authority to grant the requested relief and it was not in the public's interest to reopen the 1989 matter. The Oklahoma Constitution granted the authority to the concurrence of Commissioners. Such decision shall stand if supported by the law and substantial evidence, both of which we find are satisfied in the matter before us.
¶18 Furthermore, issue preclusion bars this Court from reconsidering matters already litigated. We previously determined in Henry, supra. that ratepayers were not entitled as a matter of law to a mandatory refund of the surplus money held by SWBT created from federal tax changes. Customers sought a refund in its Application, the same relief previously denied by the Commission and this Court. This issue has long ago been decided and as such is barred for redetermination as a matter of law. State of Okla. ex rel. Dep't of Transp. v. Little, 2004 OK 74, 100 P.3d 707, Nealis v. Baird, 1999 OK 98, 996 P.2d 458.
¶19 By our state Constitutional directive, this Court is bound to uphold the findings and conclusion of the Commission where they are "sustained by the law and substantial evidence." Okla. Const. art. IX. §20. We find the Commission's Order Dismissing Cause contains overwhelming evidence and legal authority supporting its Order. The Order Dismissing Cause, Order No. 655899 is hereby affirmed.
AFFIRMED: ORDER 655899, BEFORE THE 
CORPORATION COMMISSION OF OKLAHOMA
Kauger, Watt, Winchester, Edmondson, Colbert, Reif, Wyrick, JJ. - Concur
Gurich, V.C.J. - Concur by reason of stare decisis 
Combs, C.J. - Dissent
FOOTNOTES
[1] Application to Vacate or Modify Order 341630 and Redetermine Issues, Cause PUD No. 201500344, filed September 14, 2015, Corporation Commission of the State of Oklahoma, by Applicants, Honorable Sody Clements, an Individual and Oklahoma Resident on behalf of herself and others similarly situated; Lt. General (Ret.) Richard a. Burpee, an Individual and Oklahoma Resident on behalf of himself and others similarly situated; James Proctor, an Individual and Kansas Resident on behalf of himself and others similarly situated; Rodd A. Moesel, an Individual and Oklahoma Resident on behalf of himself and others similarly situated; Ray H. Potts, an Individual and Oklahoma Resident on behalf of himself and others similarly situated; Bob A. Ricks, an Individual and Oklahoma Resident on behalf of himself and others similarly situated.
[2] Order Dismissing Cause, September 7, 2016, Before the Corporation Commission of Oklahoma, Cause No. PUD 201500344, Order No. 655899.
[3] Various motions have been filed by parties and interested parties to this litigation as follows: Appellants' Motion for Evidentiary Hearing and Discovery Pursuant to Oklahoma Constitution, Article 9, Section 22, Appellee Southwestern Bell Telephone Company d/b/s AT&T Oklahoma's Motion to Strike Extraneous Items from Appellate Record, and Application of Commissioner Bob Anthony, Pro se, to File Amicus Curiae Brief. These motions will not be issued a separate Order as all issues are resolved by this Opinion.
[4] Application to Vacate or Modify Order 341630 and Redetermine Issues, September 14, 2015, Before the Corporation Commission of Oklahoma, Cause No. PUD 201500344.
[5] Application to Vacate or Modify Order 341630 and Redetermine Issues, before the Corporation Commission of Oklahoma, Cause No. PUD 201500344. This Application related to the issuance of the 1989 Order in Cause PUD 260 matters arising from Cause PUD 260, culminating in the 1989 Order.
[6] See, United States v. Hopkins, 77 F.3d (1996), unpublished decision; Robert E. "Bob" Hopkins was convicted for accepting a bribe while serving as a commissioner on the Oklahoma Corporation Commission. Hopkins was tried jointly with co-defendant William Anderson, an attorney who represented Southwestern Bell in Corporation Commission matters. Mr. Anderson was charged with paying the bribe.
[7] Order, May 19, 1997, State of Oklahoma ex rel., Robert Henry, Attorney General, and the American Association of Retired Persons, Appellants v. Southwestern Bell Telephone Company, Appellees/Cross-Appellant, and The Oklahoma Corporation Commission, In the Supreme Court of Oklahoma, No. 74,194.
[8] Record on Appeal, pps. 2229-2230, Cause 260 Remand Order at 8-9, ¶ 7.
[9] Record on Appeal, pps. 22229-2230, Cause 260 Remand Order at 8-9, ¶ 7.
[10] State of Oklahoma ex rel., Robert Henry, Attorney General, and the American Association of Retired Persons, Appellants v. Southwestern Bell Telephone Company, Appellees/Cross-Appellant, and The Oklahoma Corporation Commission, In the Supreme Court of Oklahoma, No. 74,194.
[11] State of Oklahoma ex rel., Robert Henry, Attorney General, and the American Association of Retired Persons, Appellants v. Southwestern Bell Telephone Company, Appellees/Cross-Appellant, and The Oklahoma Corporation Commission, In the Supreme Court of Oklahoma, No. 74,194.
[12] State of Oklahoma ex rel., Robert Henry, Attorney General, and the American Association of Retired Persons, Appellants v. Southwestern Bell Telephone Company, Appellees/Cross-Appellant, and The Oklahoma Corporation Commission, In the Supreme Court of Oklahoma, No. 74,194.
[13] Okla. Const. art. IX, §20
[14] Okla. Const. art. IX, §20
[15] Okla. Const. art. IX, §20
[16] Record on Appeal, pps. 1507-1525, Cause No. PUD 2015000344, Order No. 655899, Order Dismissing Cause, September 7, 2016, p. 1509.
[17] Record on Appeal, pps. 1507-1525, Cause No. PUD 2015000344, Order No. 655899, Order Dismissing Cause, September 7, 2016, p. 1516.
[18] Record on Appeal, pps. 1507-1525, Cause No. PUD 2015000344, Order No. 655899, Order Dismissing Cause, September 7, 2016, p. 1516.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1991 OK 134, 825 P.2d 1305, 63 OBJ 13, State ex rel. Henry v. Southwestern Bell Telephone Co.
Discussed at Length
 1994 OK 38, 873 P.2d 1001, 65 OBJ 1340, Southwestern Bell Telephone Co. v. Oklahoma Corp. Comm.
Discussed at Length
 2004 OK 74, 100 P.3d 707, STATE ex rel. DEPT OF TRANSPORTATION v. LITTLE
Discussed
 1999 OK 98, 996 P.2d 438, 70 OBJ 3640, Nealis v. Baird
Cited
Title 17. Corporation Commission
 Cite
Name
Level

 17 O.S. 121, Commission Vested with Power of Court of Record
Discussed at Length